UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  6:14-cr-195-Orl-22TBS

JUNIOR JEFFREY ALEXIS
_____

## ORDER

This matter comes before the Court on Defendant Junior Jeffrey Alexis' Motion to Seal this Document and Unopposed Motion for Psychiatric Evaluation.  (Doc. 21).  Defendant seeks a competency evaluation, continuance of his trial date to complete the competency evaluation, and that his motion be sealed.  As grounds, defense counsel expresses concern that his client may not completely understand the nature of these proceedings and may be unable to assist in his own defense.  The Government does not oppose the motion.

### Motion for Competency Evaluation

Title 18, United States Code, § 4241(a) provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Upon due consideration, the Court finds reasonable cause to grant the motion for mental competency evaluation and it is ORDERED that:

1. Defendant Junior Jeffrey Alexis is committed to the custody of the Attorney General for a period not to exceed thirty days from the date of this Order for a competency evaluation.

2. The purpose of the evaluation is to determine whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  18 U.S.C. §§ 4241 and 4247(b).

3. At the expiration of the thirty-day examination period, the Attorney General shall cause the Defendant to be presented promptly to the Court for a hearing before me pursuant to 18 U.S.C. § 4241(c), unless the date is extended before that deadline Extensions shall not exceed fifteen days.  18 U.S.C. § 4247(b).

4. The Attorney General shall cause a mental competency report to be filed with the Court with copies to counsel for the United States and the Defendant within fifteen days after the expiration of the time set forth in paragraph 3 above.  The report shall discuss each of the factors enumerated in 18 U.S.C. § 4247(c)(1), (2), (3) and (4)(A).

5. Promptly after receipt of the report of the examiner, the United States shall file a motion for a competency hearing.

## Motion to Seal

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings.  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)).  The public's right "includes the right to inspect and copy

public records and documents." Chicago Tribune, 263 F.3d at 1311.  "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246.  "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009).  The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advanatage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).  The Court does not find good cause to grant the motion to seal.  The information contained in the motion is not of such a confidential nature that disclosure will harm Defendant.  Accordingly, the motion to seal is DENIED.

## Motion to Continue Trial

The motion to continue the trial date is CARRIED for resolution by the district judge.

DONE and ORDERED in Orlando, Florida on September 16, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
    Counsel of Record
    Defendant
    Attorney General
    United States Marshal